

Adam Strychaluk
Attorney, Civil Rights Litigation
astrychaluk@liakaslaw.com
P: (212) 937-7765
F: (877) 380-9432

Liakaslaw.com
40 Wall Street
50th Floor
New York, NY 10005

# LIAKAS LAW P.C.

February 18, 2026

*Application is DENIED as moot. See ECF 60.*

*SO ORDERED*

*[signature] 2-20-26*

**Via ECF**

Hon. P. Kevin Castel
United States District Judge
Southern District of New York

Re:     *Madera v. City of New York & United States et al.*, No. 24 Civ. 2903 (PKC)
        Request for Order Compelling Discovery Responses from City Defendants

Your Honor:

Please recall that my firm represents Plaintiff in this action against the United States, the City of New York, and two NYPD officers (collectively with City, "City Defendants"). In light of the Court's recent entry of a third and "final" revised scheduling order setting May 1, 2026 as the deadline for fact discovery, Dkt. 56, I write under Rule 3(B) of Your Honor's Individual Rules to request the Court order the City Defendants to immediately serve responses to Plaintiff's discovery requests and interrogatories, which were served over five months ago, on September 15. I also ask the Court direct the City to complete production of paper discovery by March 13 so that the parties may timely proceed to depositions.

Plaintiff has exhausted every alternative to this letter motion. He has repeatedly granted the City Defendants good-faith extensions, *see infra* n.1, and conferred with their counsel, Ms. Yini Zhang of the Law Department's Special Federal Litigation Division ("SFL"). Most recently, on February 4, Plaintiff and Ms. Zhang conferred and agreed that the City Defendants would serve their responses by February 11, with Plaintiff conditioning consent to that extension on "a complete 180 in the City's commitment to discovery and deadlines moving forward." Ex. 1 at 8-9 (Feb. 4 email); *see id.* at 7 (Ms. Zhang acknowledging this agreement). When the agreed February 11 deadline, like all those before it, elapsed without explanation, Plaintiff emailed Ms. Zhang to follow up and received an out-of-office message with no return date. *Id.* at 2 (Feb. 12 email). Plaintiff then contacted an SFL Deputy Chief explaining that he is aware that Ms. Zhang has previously had health issues during this case (*see* Dkt. 55 at 1) and had no desire to file this letter if it could be averted. *Id.* at 1. Although the Deputy Chief referred this matter to Ms. Zhang's direct supervisor, Ms. Jenny Weng, later that day, *id.*, Ms. Weng has not contacted Plaintiff since, and Plaintiff has repeatedly called, but been unable to reach, either Ms. Weng or Ms. Zhang.

Accordingly, Plaintiff moves for an order directing the City to immediately serve discovery responses and complete production by March 13 or another reasonable date at the Court's election. Fed. R. Civ. P. (a)(3)(B)(iii) & (iv); *see also Dietz v. Bouldin*, 579 U.S. 40, 40 (2016) (noting district courts possesses inherent power "to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases," provided its exercise of inherent power is "a reasonable response to the problems and needs confronting the court's fair administration of justice"). While Rule 37 contemplates a variety of sanctions, Plaintiff's sole concern at this stage is moving discovery forward and the reasons for the City Defendants' failure to participate in discovery remain opaque. He does not seek sanctions at this time, but reserves the right to do so.

## *Background*

This case concerns an incident that occurred in January 2020. It was filed in New York County Supreme Court in March 2021 and removed to this Court in April 2024. Dkt. 1. Following motion practice, the Court held an initial conference on July 31, 2025 and entered a scheduling order the same day. Dkt. 46 (First CMP) (setting November 28, 2025 as fact discovery deadline). On October 2—after the parties had exchanged initial disclosures in mid-August and discovery requests on September 15—this case was stayed for the 43-day duration of the federal government shutdown. On October 14, during the shutdown, Ms. Zhang substituted for her SFL colleague as counsel for the City Defendants. Dkt. 49. Following the shutdown, the parties jointly requested a discovery extension to account for the stay and Ms. Zhang's substitution as counsel, Dkt. 51, which the Court granted on November 19, Dkt. 52 (Second CMP) (setting January 30, 2026 as fact discovery deadline). Plaintiff and the United States exchanged discovery responses on January 9 and 13, following mutually granted extensions.

On January 28, Ms. Zhang filed a second extension request on behalf of the parties, explaining that additional time was required because the City Defendants had not yet served discovery responses because "[Ms. Zhang] was out of the office for multiple periods due to unexpected illness, causing a delay in City defendants' responses." Dkt. 55 at 1. The Court entered a "final" scheduling order based on that request. Dkt. 56 (Final CMP) (setting May 1, 2026 as fact discovery deadline). On February 4, Ms. Zhang called Plaintiff and explained that the City Defendants' delay in serving responses was occasioned by Ms. Zhang's inability to find Plaintiff's discovery requests, which were initially served on Ms. Zhang's SFL colleague on September 15. Ex. 1 at 8-9. Plaintiff immediately re-sent those discovery requests, but stressed that the extensions to which he had previously consented were based on the unspecified health issues that Ms. Zhang has previously raised.[1] *Id.* The parties agreed that Ms. Zhang would produce those materials she had in her possession later that day, which she did,[2] and that Ms. Zhang would serve discovery responses by February 11, which she did not. *Id.* Plaintiff conditioned this agreement on "a complete 180 in the City's commitment to discovery and deadlines moving forward," and noted that, "[a]nything short of that, and [he] will immediately move for court intervention." *Id.*

On February 12, Plaintiff emailed Ms. Zhang explaining (1) that the deadline had elapsed without Ms. Zhang serving responses or providing any explanation for their absence; and (2) that Plaintiff viewed the parties' February 4 conferral as sufficient to discharge his obligations under Local Rule 37.2, but was available to confer further if Ms. Zhang wished to do so. *Id.* at 2. Plaintiff received an out-of-office message in response, *id.,* and immediately contacted and attempted to contact Ms. Zhang's supervisors as described in the second paragraph of this letter, *id.* at 1.

---

[1] When the parties submitted the first extension request following the shutdown, they agreed to exchange discovery responses by December 17, and Plaintiff subsequently consented to pushing that deadline to January 9. On January 9, Plaintiff served his responses and consented to the United States' request for an additional extension to January 13. Ms. Zhang did not serve responses on January 9 or request an extension of that deadline, but subsequently contacted Plaintiff on January 14 explaining that she had been ill and requesting an extension to January 21, to which Plaintiff consented. Ms. Zhang did not serve responses on January 21 or request an extension of that deadline, but subsequently contacted Plaintiff on January 22 requesting an extension to January 30. Plaintiff did not provide his consent to this request and January 30 came and went without Ms. Zhang serving responses in any event. Plaintiff followed up requesting a conferral on February 3, Ex. 1 at 9, and Ms. Zhang then called Plaintiff on February 4 to inform him she could not locate his requests.

[2] Of the 196 pages in Ms. Zhang's February 4 production, DEF 20-216, 135 pages consist of Plaintiff's medical records and notice of claim/§ 50-h materials that Plaintiff produced alongside his initial disclosures in August 2025, while the remaining pages consist of basic reports that Plaintiff obtained through FOIL in 2020/21 and previously produced either alongside his initial disclosures or even earlier, in 2022 before removal. A very great deal of paper discovery remains outstanding.

***

I appreciate the Court's time and attention to this matter.

Respectfully submitted,

s/

Adam Strychaluk

Encl.   Ex. 1: Emails

CC:     All counsel of record