Case 1:24-cv-02903-PKC Document 67 Filed 07/29/26 Page 1 of 2

**STEVEN BANKS**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**JENNY WENG**
Senior Counsel
phone: (212) 356-2648
fax: (212) 788-9776
email: jweng@law.nyc.gov

July 29, 2026

With two days left in the discovery period, the parties seek a stay of the action. No explanation is furnished of the discovery completed and the discovery that remains. The Court has already extended discovery from the original date (ECF 46) on three occasions ECF 52, 56 & 63. The Court will extend the date for a pre-motion letter in support of a summary judgment motion until September 18, 2026. The October 7 conference remains as scheduled. Final Pre-Trial Submissions are stayed. Application (ECF 67) is otherwise DENIED.
SO ORDERED. P. K. Castel, USDJ 7-29-26.

BY ECF
The Honorable P. Kevin Castel
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: Antonio Madera v. United States of America, et al., 24 Civ. 2903 (PKC)

Dear Judge Castel:

I am a Senior Counsel in the Office of Steven Banks, Corporation Counsel of the City of New York, and the attorney for defendants City of New York, Douglas Lopez and Omar Saad in the above-referenced case. I write on behalf of the parties to respectfully request that the Court stay all deadlines in this matter, including the deadline for the close of all fact discovery, pending mediation. The next conference date before Your Honor is October 7, 2026.

Mediation in this matter in the Court-annexed Mediation Program is currently scheduled for August 18, 2026. See Docket Entry Dated July 29, 2026. Under Fed. R. Civ. P. 26(c), a court may, "for good cause," issue an order staying discovery. "[W]here the parties have expressed a clear desire to pursue a resolution," courts consider the following factors when determining whether to stay a matter: "(1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." Lazaar v. Anthem Co., Inc., 2024 U.S. Dist. LEXIS 123457, *7-8 (S.D.N.Y. 2024) citing L.N.K. Int'l, Inc. v. Cont'l Cas. Co., U.S. Dist. LEXIS 49660, at *1 (E.D.N.Y. Mar. 23, 2023) (quoting Catskill Mountains Chapter of Trout Unlimited, Inc. v. Envtl. Protection Agency, 630 F. Supp. 2d 295, 304 (S.D.N.Y. 2009)). Here, the factors weigh in favor of granting a brief stay of discovery. Reserving remaining discovery and dispositive motion practice until after mediation, if needed, limits litigation expenses in favor of a potential resolution. Additionally, Plaintiff will not be prejudiced by the brief stay as a resolution prior to expending costly and time-consuming discovery is beneficial to all parties. A stay also conserves the Court's judicial resources, as it would ensure the Court does not expend resources

Case 1:24-cv-02903-PKC Document 67 Filed 07/29/26 Page 2 of 2

evaluating and ruling on the parties' anticipated dispositive motions where those disputes may be resolved through mediation.

Accordingly, the parties respectfully request a stay of all deadlines pending mediation. We thank the Court for its time and consideration of this matter.

Respectfully submitted,
*Jenny Weng* /s/
Jenny Weng
Senior Counsel

cc: All Counsel of Record (By ECF)